The Supreme Court affirmed the judgment of the Common Pleas on April 23, 1883, in the following opinion:
Per Curiam.
The learned judge kept clearly within the authorities when he defined libel to be any wri ten or printed publication which charges a person with an infamous crime, or with any other matter which renders him odious or ridiculous in the eyes of the community; Pittock vs. O’Neill, 63 Pa., 258; Barr vs. Moore, 87 Pa., 385. The court very properly said the language was not to be strained to find a meaning on either side; but the words should be taken in their reasonable and ordinary sense, as would be understood by ordinary persons. The meaning of the language, and whether it was intended to apply to the defendant in error, were both fairly and correctly left to the jury. The questions were properly for them. It is complained that the court said, an unsupported plea of justification was evidence of actual malice and goes in aggravation of damages; inasmuch as there was also a plea of not guilty. We cannot, however, see how the latter changed the effect of the former. Each presents a separate issue. It was, therefore, right to present to the jury the effect of each. While the plaintiff was entitled to all the protection each plea gave him, he subjected himself to all the obligation which each imposed *364 ■on him. The court fail ly and clearly distinguished between the pleas. It is said substantially that the case must be made out against the plea of not guilty. If the jury found that plea was not sustained, then they should consider the plea of justification, and give to it the effect stated. This is not error. .Viewing the charge as a whole, and the answers to the points, the law was clearly and accurately presented to the jury. We see no error to correct.
Judgment affirmed.